GAJARSA, LINN and DYK, Circuit Judges,
concurring in the denial of the petition for rehearing en banc.
We concur in the denial of rehearing en banc. Our concurrence should not be read as an endorsement of the panel’s claim construction in this particular case, nor as an unqualified endorsement of the en banc decision in Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448 (Fed.Cir.1998). In an appropriate case we would be willing to reconsider limited aspects of the Cybor decision. In our view an appropriate case would be the atypical case in which the language of the claims, the written description, and the prosecution history on their face did not resolve the question of claim interpretation, and the district court found it necessary to resolve conflicting expert evidence to interpret particular claim terms in the field of the art. This is not such a case.
In this case the district court explicitly and repeatedly disavowed reliance on extrinsic expert evidence in construing the claim term “therapeutically effective.” The district court noted that “[djemons-trative exhibits were presented and references were made to certain expert testimony, but extrinsic evidence was not admitted.” Amgen Inc. v. Hoechst Marion Roussel, Inc., 339 F.Supp.2d 202, 222 (D.Mass.2004). Ultimately, the district court concluded:
While the expert testimony does support the plain and ordinary meaning of the term since it defines what ‘cure’ means in the context of anemia patients, the Court will not rely on it to construe the claim, because even the Altiris [Inc. v. Symantec Corp., 318 F.3d 1363 (Fed.Cir.2003)] court made clear that it was looking to expert testimony merely to understand the technology — not to construe the term itself.
Amgen, 339 F.Supp.2d at 230 n. 27; see id. at 233 n. 29 (noting that extrinsic evidence was not being used “to define the term”).[1]
The district court proceeded to construe the claim “therapeutically effective” without resort to extrinsic expert evidence. It first “look[ed] to the plain and ordinary meaning of the words of the patent claim,” id. at 229, then “review[ed] the specification to determine whether the patentee has used terms in a manner inconsistent with the ordinary meaning or has become his own lexicographer,” id. at 232, and finally “considered] the prosecution history to determine whether the applicant ha[d] made any express representations regarding the claim’s scope,” id. at 238. No deference is due a district court’s legal interpretation of the claim language, written description, and prosecution history that an appellate court is equally competent to interpret.
Since the district court did not rest its interpretation on factual findings concerning conflicting expert evidence and neither the panel majority nor the dissent addressed this issue, we do not believe that this is the appropriate case in which to reconsider aspects of the Cybor decision.

. See also id. at 226 (noting that expert testimony "is extrinsic evidence to which resort ought to be had only ‘if necessary' ”); id. at 231 n. 28 ("[T]he Court cannot rely on expert testimony to help construe the term 'therapeutically effective’ unless absolutely necessary.”)